UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERALD THOMAS,

                    Plaintiff,                    Case No. 1:08-cv-744

v.                                         Honorable Robert J. Jonker

B. DeBOER et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Willie O. Smith, Nanette Norwood and Erica Huss. The Court will serve the complaint against Defendants B. DeBoer and (unknown) Ingraham.

**Discussion**

I.     Factual allegations

Plaintiff is currently incarcerated at Standish Maximum Correctional Facility (SMF). He sues the following SMF employees: Warden Willie O. Smith, Deputy Warden Nanette Norwood, Assistant Deputy Warden Erica Huss, Corrections Officer (CO) (unknown) Ingraham and Resident Unit Officer (RUO) B. DeBoer.  Plaintiff alleges that Defendants Smith, Norwood, and Huss violated his 8th and 14th Amendment rights by "failing to investigate Plaintiff's allegations of staff corruption, and failing to protect Plaintiff against staff retaliation for exercising his 1st Amendment right to petition for redress of grievances." (Compl. at 1.) Plaintiff alleges that Defendants Ingraham and DeBoer violated his 1st and 14th Amendment rights "by retaliating against Plaintiff for exercising his 1st Amendment right to petition for redress of grievances."  (*Id.*)

Plaintiff states that on July 11, 2007, he filed "the third of three grievances" against Defendant Ingraham "alleging retaliation and general harassment against Plaintiff regarding Plaintiff's placement in segregation for sexual assault." (Compl. at 1.)  Plaintiff further alleges that Defendant DeBoer confronted Plaintiff about the grievances filed against Defendant Ingraham and told Plaintiff that he would write "phony misconducts" against Plaintiff if Plaintiff did not "sign off on the grievances" against Defendant Ingraham.  (*Id*. at 2.)  Plaintiff asserts that Defendants Smith, Norwood and Huss, "after being apprized of the situation, declined to investigate the matter or to take any further action."  (*Id.*)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Smith, Norwood and Huss, other than his claim that they failed to conduct an investigation in response to his grievances and letters.  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 575-76; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff has failed to demonstrate that Defendants Smith, Norwood and Huss engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

Plaintiff's allegations are sufficient to state a § 1983 claim against Defendants DeBoer and Ingraham.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Willie O. Smith, Nanette Norwood and Erica Huss will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants B. DeBoer and (unknown) Ingraham.

An Order consistent with this Opinion will be entered.


Dated:   December 15, 2008            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE