UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERALD THOMAS,

                 Plaintiff,

v.

B. DEBOER, *et al.*,

                 Defendants.

_____/

Case No. 1:08-cv-744

Hon. Robert J. Jonker


## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on motions for summary judgment filed by defendants DeBoer (docket no. 29) and Ingraham (docket no. 52).

### I.      Plaintiff's claims

Plaintiff has sued five employees at the Ionia Maximum Correctional Facility: Warden Willie O. Smith; Deputy Warden Nanette Norwood; Assistant Deputy Warden Erica Huss; Residential Unit Officer (RUO) Beth DeBoer; and RUO Jeremy Ingraham. The Court previously dismissed plaintiff's claims against defendants Warden Smith, Deputy Warden Norwood, and Assistant Deputy Warden Huss. *See* Opinion and Order regarding partial service (docket nos. 8 and 9). In plaintiff's remaining claims against defendants DeBoer and Ingraham, plaintiff alleged that these two defendants violated his First and Fourteenth Amendment rights by retaliating against Plaintiff for exercising his First Amendment right to petitioner for redress of grievances. *Id.* Specifically, plaintiff alleged that on July 11, 2007, he filed "the third of three grievances" against defendant Ingraham "alleging retaliation and general harassment against Plaintiff regarding

Plaintiff's placement in segregation for sexual assault." Compl. at ¶ 7. The first two grievances were written on June 25, 2007 and July 2, 2007. *Id.* On July 12, 2007, RUO DeBoer confronted him about the grievances filed against RUO Ingraham, and told plaintiff that she would write "phony misconducts" against him if plaintiff did not "sign off on the grievances" against Ingraham. *Id.* at ¶ 8. RUO DeBoer also allegedly stated that she would "lie on all you mother******* in here; you niggers never know when to lay back and do your f****** time." *Id.* Plaintiff told DeBoer that he would not sign off until Ingraham stopped harassing him. *Id.* DeBoer "followed through with her threat of fabricating misconducts" and issued plaintiff two major misconducts: one for sexual misconduct and one for threatening behavior. *Id.* at ¶ 10. Plaintiff also alleged that RUO DeBoer and RUO Ingraham conspired "to take retaliatory action against plaintiff" (i.e., issuing false misconducts). *Id.* at ¶ 14.[1] Plaintiff seeks injunctive relief "in the form of an Order requiring the removal of the retaliatory misconducts from Plaintiff's prison file, and all negative effects resulting therefrom." *Id.* at p. 5. Plaintiff also seeks $250,000.00 in compensatory and punitive damages from RUO DeBoer and $50,000.00 from RUO Ingraham. *Id.*

## II. Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468

---

[1] While plaintiff's complaint refers in passing to the Fourteenth Amendment, his complaint does not allege that either RUO DeBoer or RUO Ingraham engaged in activity that violated his due process rights. Even if plaintiff had alleged such activity, it is undisputed that plaintiff was convicted of the major misconducts after a hearing conducted at the correctional facility. "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005).

U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.    Discussion

### A.    Retaliation claim

To prove a First Amendment retaliation claim, plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute;  2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Here, plaintiff alleged that RUO DeBoer retaliated against him by fabricating two major misconducts.  In her affidavit, RUO DeBoer states as follows.  While making a routine round on July 12, 2007, RUO DeBoer opened plaintiff's window, to find him standing naked, rubbing his penis.  DeBoer Aff. at ¶ 4 (docket no. 32).  Plaintiff then stated, "Bitch I'll f*** with this dick until you die."  *Id.*  At no time did plaintiff stop masturbating or cover himself up.  *Id.* at ¶ 5.  RUO DeBoer felt that, if given the chance, he would have carried out the threat.  *Id.* at ¶ 6.  As a result of plaintiff's deviant behavior, DeBoer wrote plaintiff two major misconducts: sexual misconduct (exposure) and threatening behavior.  *Id.* at ¶ 7.  Plaintiff was found guilty of both charges.  *Id.* at ¶ 8.

In his affidavit, RUO Ingraham denies that he conspired with RUO DeBoer to retaliate against plaintiff for filing grievances against him.  Ingraham Aff. at ¶¶ 4-5 (docket no. 53-3).  In addition, Ingraham did not recall informing DeBoer that plaintiff had filed grievances against him.  *Id.* at ¶ 5.

In his response and affidavit opposing RUO DeBoer's motion for summary judgment, plaintiff admits that he was found guilty of the misconducts, but denies committing the acts. Plaintiff's Response at 3 (docket no. 37); Plaintiff's Affidavit (docket no. 38); Misconduct Hearing Report (docket no. 38-3). In his plaintiff's "limited affidavit in answer and opposition to defendant DeBoer's motion for summary judgment," plaintiff: stated that RUO DeBoer's claims regarding the incident are "entirely fabricated, false and untrue;" denied that he stood naked at his cell door and rubbed his genitals; denied that he was masturbating; and denied that he made the threatening statements. Thomas Aff. at ¶¶ 4-10 (docket no. 38). Plaintiff stated that he will provide witnesses to contradict DeBoer's claim that she never discussed the grievances with Ingraham. *Id.* at ¶¶ 11-12.

Plaintiff also filed an affidavit pursuant to Fed. R. Civ. P. 56(f), stating that he cannot rebut RUO DeBoer's "allegations in her affidavit" unless he obtains discovery from fifteen witnesses: Resident Unit Manager (RUM) Pamela Richardson; Officer Davidson; Officer Sanitago; RUM Embry; Sgt. Cassel; Sgt. King; Deputy Warden Norwood; Warden Smith; Erica Huss; Inspector Goodson; ARUS Stephen Dykehouse; ARUS Smith; Psychologist Lanis; and prisoners Barnes and Davidson "who were located close to Plaintiff's cell." Thomas Rule 56(f) Aff. at ¶ 1 (docket no. 39). Fed. R. Civ. P. 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may deny the motion, order a continuance to obtain affidavits or discovery, or "issue any other just order."

Plaintiff is not entitled to any relief under Rule 56(f). His "limited affidavit" he rebutted most of the statements in RUO DeBoer's affidavit. In addition, plaintiff has failed to show any "specified reasons" why he cannot present facts essential to justify his opposition. Simply

listing the names of fifteen prisoners and correctional facility employees, without any indication of their proposed testimony, is insufficient to show that he needs additional discovery to rebut statements made in DeBoer's affidavit.

More importantly, even if plaintiff rebutted each statement in RUO DeBoer's affidavit, his claim would still fail. Plaintiff was found guilty of the misconducts on July 31, 2007. *See* Misconduct Hearing Report (docket no. 38-3). While plaintiff claims that he appealed the misconduct convictions, he presents no evidence to establish that the convictions were reversed. Plaintiff submitted a copy of a letter dated May 7, 2008 (more than nine months after the misconduct hearing) directed to Mr. Richard Stapleton at the Michigan Department of Corrections in Lansing, Michigan, inquiring as to whether Mr. Stapleton reached a decision on plaintiff's request for a rehearing. *See* docket no. 38-8. Other than the recitations in this self-serving letter, plaintiff has presented no evidence that he actually sought review of the convictions.

Under these circumstances, plaintiff's retaliation claim is without merit. Where a prisoner claims that a corrections officer retaliated against him by filing false disciplinary charges, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005), citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994). As the court explained in *Orebaugh v. Caspari*, 910 F.2d 526 (8th Cir. 1990).

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance.

*Orebaugh*, 910 F.2d at 528.  *See, e.g.,Wilson v. Phipps*, No. 97-1661, 1998 WL 384560 at *1 (6th

Cir. June 18, 1998) (holding that the prisoner plaintiff "cannot state a claim of retaliation where, as

here, he was ultimately found guilty of the major misconduct charge giving rise to his retaliation

claim") (citing *Orebaugh*); *Lee-Bryant v. Perttu*, 2:08-cv-270, 2009 WL 613548 at*6 (W.D. Mich.

March 6, 2009) ("Where [plaintiff prisoner] is ultimately found guilty of misconduct charges,

plaintiff cannot state a claim for retaliation arising from the misconduct charges") (citing *Wilson* and

*Orebaugh*).[2]

        A hearing officer found that plaintiff guilty of both major misconduct charges issued

by RUO DeBoer.  This finding precludes plaintiff from stating a claim for retaliation arising from

the charges.  *See Wilson*, 1998 WL 384560 at *1; *Orebaugh*, 910 F.2d at 528; *Lee-Bryant*, 2009 WL

613548 at *6.  Accordingly, RUO DeBoer and RUO Ingraham are entitled to summary judgment

with respect to the retaliation claim.

        **B.**      **Conspiracy claim**

        Similarly, plaintiff's claim that these two defendants engaged in a conspiracy to

retaliate against him is without merit.  "A civil conspiracy is an agreement between two or more

persons to injure another by unlawful action."  *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.

1985).

---

[2] The court notes that plaintiff filed an untimely "Statement of disputed facts," in which he responds to legal arguments set forth by both RUO DeBoer and RUO Ingraham.  *See* docket no. 59.  Plaintiff obtained an extension of time to file the response to RUO Ingraham's motion on or before December 30, 2009.  *See* docket no. 58.  However, plaintiff did not file this undated response until January 7, 2010.  *See* docket no. 59.  In addition, plaintiff never sought an extension of time to file a response to RUO DeBoer's motion, which was filed months before Ingraham's.  In this regard, the record reflects that plaintiff filed a response, a brief and two affidavits in opposition to DeBoer's motion.  *See* docket nos. 36, 37, 38 and 39.  Even if the court viewed plaintiff's statement as timely filed, none of plaintiff's arguments would change the court's conclusion.

For a Section 1983 conspiracy to survive a motion for summary judgment, specific facts showing either the existence or the execution of the claimed conspiracy must be set forth by the plaintiff. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir.1984). Furthermore, these facts must show overt acts related to the promotion of the conspiracy and some link between the alleged conspirators. Finally, plaintiff must present facts that the conspirators agreed to commit an act which deprived the plaintiff of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Hobson v. Wilson*, 737 F.2d 1, 51 (D.C. Cir.1984). It is essential that the conspiratorial conduct in fact resulted in a violation of plaintiff's constitutional rights. *Vaden v. Village of Maywood, Illinois*, 809 F.2d 361, 366 (7th Cir.1987).

*Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988).

Here, plaintiff cannot maintain a § 1983 conspiracy claim against RUO DeBoer and RUO Ingraham because the alleged conspiratorial conduct, i.e., the fabrication of misconduct charges in retaliation for plaintiff filing grievances against Ingraham, did not result in a violation of plaintiff's constitutional rights. *See Lepley*, 682 F. Supp. at 422. Accordingly, RUO DeBoer and RUO Ingraham are entitled to summary judgment on this claim.[3]

## IV.    Recommendation

I respectfully recommend that defendants' motions for summary judgment (docket nos. 29 and 52) be **GRANTED** and this case dismissed.

Dated: January 11, 2010                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

---

[3] Defendants also seek summary judgment on grounds of Eleventh Amendment immunity and qualified immunity. Because plaintiff has failed to establish a federal constitutional violation, it is unnecessary for the court to address the issue of immunity. *See Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity.")

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).