UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERALD THOMAS,

       Plaintiff,

                                         CASE NO. 1:08-CV-744

v.

                                         HON. ROBERT J. JONKER

B. DEBOER, *et al.*,

       Defendant.

_____/


## ORDER APPROVING REPORT AND RECOMMENDATION

       The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this

matter (docket # 61) and Plaintiff Thomas's Objections to the Report and Recommendation (docket

# 62).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions

of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which specific written
> objection has been made in accordance with this rule.  The district
> judge may accept, reject, or modify the recommended decision,
> receive further evidence, or recommit the matter to the magistrate
> judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Mr. Thomas asserts claims against Defendants DeBoer and Ingraham alleging violation of his rights under the First and Fourteenth Amendments of the Constitution. (Compl., docket # 1.) According to Mr. Thomas, Defendant DeBoer filed false misconduct statements against him in retaliation for filing grievances. (*Id.* at ¶¶ 7, 8, 10.) Mr. Thomas also alleges that Defendants DeBoer and Ingraham conspired to retaliate by issuing false misconducts. (*Id.* at ¶ 14.) Mr. Thomas admits that hearings on the misconducts took place and that he was found guilty of the misconducts. (Report & Recommendation, docket # 61, at 5; Pl.'s Resp., docket # 37, at 3; Misconduct Hearing Report, docket # 38-3.) In his objections, Mr. Thomas adds that the guilty findings in the misconduct hearings "were upheld on appeal." (Pl.'s Obj. to the Magistrate's Report and Recommendation, docket # 62, at 2.)

The Magistrate Judge recommended that summary judgment for Defendants DeBoer and Ingraham be granted. (*Id.* at 8.) Mr. Thomas's objections do not directly challenge the legal analysis or the factual background the Report and Recommendation presents. Rather, Mr. Thomas reiterates allegations raised in his complaint, directs the Court's attention to a statement of disputed facts he has filed (docket # 59), reiterates a request for additional discovery, and states that the Magistrate Judge should have considered his arguments regarding Eleventh Amendment and qualified immunity.

Nothing in the Mr. Thomas's objections changes the analysis in this case, nor does his statement of disputed facts, nor would additional discovery. There is no dispute that hearings on

the misconducts took place and that Mr. Thomas was found guilty of the misconducts. (Pl.'s Obj. to the Magistrate's Report and Recommendation, docket # 62, at 2.) The Magistrate Judge properly determined that in light of the guilty findings in the misconduct hearings, Mr. Thomas's retaliation claim cannot survive. "[A] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). The Magistrate Judge correctly concluded that because Mr. Thomas's retaliation claim cannot succeed, Mr. Thomas's conspiracy claim necessarily fails, because the alleged conspiratorial conduct, creating false misconduct charges in retaliation for filing grievances, did not result in a violation of Mr. Thomas's constitutional rights. *See Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988)(To succeed in a Section 1983 conspiracy claim, "[i]t is essential that the conspiratorial conduct in fact resulted in a violation of plaintiff's constitutional rights.") (citations omitted). The Magistrate Judge did not need to consider Defendants' arguments concerning Eleventh Amendment and qualified immunity, because Mr. Thomas failed to establish a federal constitutional violation. *See Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity").

The Court concludes that the Report and Recommendation reflects a careful review of the record and proper application of the law and that summary judgment for Defendants DeBoer and Ingraham is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 61) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant DeBoer's Motion for Summary Judgment (docket # 29) and Defendant Ingraham's Motion for Summary Judgment (docket # 52) is **GRANTED**.

Final judgment in this case shall enter forthwith.


Dated:     March 16, 2010              /s/ Robert J. Jonker                    
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE